# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-09-CR-507 LY |
| | § | |
| MICHELLE LEE CROSBY | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on October 20, 2009, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On May 3, 2006, the Defendant was sentenced by Judge Martinez of the El Paso Division, to 18 months of imprisonment and three years of supervised release for importation of 50 kilograms or more of marijuana, in violation of 21 U.S.C. § 952(a). The Defendant's supervision commenced on July 2, 2008.

The Defendant has had numerous issues with her supervised release since commencing supervision. She has repeatedly failed to document attempts to find work, and has been unemployed virtually the entire time she has been on supervision. She failed to report as directed in March 2009,

as a result of being hospitalized after she consumed 8.5 quarts of beer. When she did report a few weeks later, she admitted to having excessively consumed alcohol, and to not properly supervising her children. She also admitted that her hairdresser routinely smoked marijuana in her presence. Then, on July 30, 2009, the Defendant was arrested and charged with driving with a suspended license, and having a false registration sticker, after she was involved in an altercation with a boyfriend. At a meeting with her probation officer in August 2009, the Defendant admitted to having been drinking on July 30, and to the chain of events set out in the police report of that incident. Subsequently, on August 24, 2009, the Defendant submitted a urine specimen that tested positive for cocaine. She was then presented with the probation office's suggestion that her conditions be modified to require that she reside at a halfway house for 180 days, to address the lack of structure in her life, as was asked to consent to that modification. The Defendant stated that she would provide an answer to the suggestion on September 10, 2009, when she was scheduled for a probation office visit. The Defendant then failed to appear on September 10, 2009, and a records check indicated that on September 17, 2009, the Defendant had been sentenced to 15 days of custody for driving with a suspended license and having a false registration sticker.

On October 5, 2009, Judge Martinez authorized the issuance of a warrant for the Defendant's arrest based on the above, and on October 8, 2009, the Defendant's case was transferred to this division and assigned to Judge Yeakel. The warrant was executed on October 14, 2009. On October 20, 2009, the Defendant and her attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and her attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18

U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against her.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against her, and had both a factual as well as a rational understanding of the proceedings against her.

2. The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charge against her or the consequences of her plea.

3. The Defendant received a copy of the Petition naming her, and she read it.

4. The Defendant understood the Petition and the charges against her and had the opportunity to discuss the Petition and charges with her attorney.

5. The Defendant waived her preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of her statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of her supervised release by: (1) failing to follow the instructions of her probation officer; (2) not working at a lawful occupation; (3) not fulfilling her

responsibilities related to the supervision of her children; (4) drinking alcohol excessively; (5) being present at a location where other parties are using illegal drugs; (6) committing a state offense; and (7) possessing and using cocaine.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months of imprisonment. Having considered all of the above, this Court RECOMMENDS that the Defendant be sentenced to three months of imprisonment, with no supervised release to follow.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE